IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM REINHOLD,**

    **Plaintiff,**

 **v.**

**DELI MANAGEMENT, INC.,**
**d/b/a JASON'S DELI,**

    **Defendant.**

Case No. 6:21-cv-861

## JOINT MOTION FOR STIPULATED JUDGMENT APPROVING THE PARTIES' SETTLEMENT AGREEMENT

Plaintiff, William Reinhold ("Plaintiff") and Defendant Deli Management, Inc., d/b/a Jason's Deli ("Defendant") (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Stipulated Judgment Approving the Parties' Settlement Agreement. In support of their joint motion, the Parties state as follows:

### I.   STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS

Plaintiff worked for Defendant at company-owned restaurant locations within this district as an Assistant Manager 3A or 2A ("AM 3A" and "AM 2A"), below the in-store management levels of Assistant Manager 1A and General Manager. (Doc. 1, ¶ 5-6). Plaintiff Reinhold worked as an Assistant Manager

2A/3A position for 35 compensable weeks from November 1, 2016, through August 29, 2017.

Plaintiff initially filed his unpaid overtime claims against Defendant as an opt-in Plaintiff in Florence v. Deli Management, Inc., d/b/a Jason's Deli (No. 1:18- cv-04303-SCJ) (N.D. Ga) ("Florence"). Plaintiff opted-into that action on March 12, 2019. (See Florence [Doc. 47-1], at 11).

The named and opt-in plaintiffs in Florence obtained discovery from Defendant regarding its policies and practices, including extensive document production and conducting a Rule 30(b)(6) deposition of Defendant's designated representatives. On March 8, 2021, the Court in Florence granted Defendant's motion to decertify the collective and dismissed without prejudice the claims of the opt-in plaintiffs, with tolling through March 28, 2021. Plaintiff then refiled his claims raised in the Florence action in this Court on May 18, 2021, seeking to recover alleged unpaid minimum wages, overtime pay, liquidated damages, prejudgment interest, costs, and attorneys' fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., alleging that he was misclassified as exempt from the FLSA's overtime pay requirements. (Doc. 1).

## II. THE AGREEMENTS

After extensive settlement negotiations between counsel by telephone and electronic mail, on June 6, 2022, Plaintiff Reinhold and Defendant verbally entered into a Settlement Agreement to fully and finally resolve Plaintiff's claims.

On June 14, 2022, the Parties filed a Joint Notice of Settlement with the Court stating that they were in the process of entering into a Settlement Agreement. (Doc. 25). The Court directed the Parties to file a Motion for Approval of the Settlement Agreement. (Doc. 26).

On June 29, 2022, the Parties fully executed their Settlement Agreement. See Exhibit 1, Settlement Agreement.

The Parties now request this Court's entry of an entry of judgment approving the Parties' agreement.

## III. ARGUMENT AND CITATION OF AUTHORITY

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or the U.S. Department of Labor must review and approve agreements settling alleged violations of the FLSA. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). Because the Parties' agreement was not made

under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving [them]." Id.

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. Lynn's Food, 679 F.2d at 1355. If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

Here, the agreement is limited in scope and does not impose any type of confidentiality, non-disparagement, non-rehire, or any other provision that has given courts pause in approving FLSA agreements. See, e.g., Nichols v. Dollar Tree Stores, Inc., No. 1:13-CV-88 (WLS), 2013 U.S. Dist. LEXIS 156754 (M.D. Ga. Nov. 1, 2013) (denying approval of FLSA settlement due to pervasive general release, confidentiality, non-disparagement, no-rehire, and similarly onerous provisions).

    a. **APPROVAL OF PAYMENT TO PLAINTIFF REINHOLD**

"There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted

litigation." See Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources."). The endorsement of a proposed FLSA settlement by both parties is a "factor that weighs in favor of approval" of an FLSA settlement because "counsel for each side is experienced in this type of litigation." Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d at 1227.

Throughout this litigation in both actions, Defendant has taken the position that Plaintiff was properly classified as exempt under the executive and administrative exemptions when he worked as AM 2A/3As, but even if held to be non-exempt, Defendant challenges Plaintiff's estimated hours worked, asserts that Plaintiff could not establish a "willful" violation in order to add a third year to his maximum possible recovery period, and contends that even if Plaintiff prevailed, any unpaid damages would have to be calculated by its proposed half-time method (dividing salary by all hours worked, with overtime premiums owed then calculated at only half of that regular rate) based on its contention that Plaintiff's salary was intended to compensate him for all hours worked each week. Obviously, this misclassification case presented the risk that the Court

might rule that Plaintiff was exempt from the overtime laws, based on multiple arguments by Defendant.

On the other hand, as an example of Plaintiff's additional litigation risks in this action, it has long been established that the burden is on the plaintiff to prove willfulness. Carr v. AutoZoner, LLC, 501 F. Supp. 3d 1237, 1243 (N.D. Ala. 2020); see also Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1162-63 (11th Cir. 2008). Thus, if this Court issued the same ruling on this issue in this case, Plaintiff Reinhold's recovery would be completely barred as all of his recoverable weeks arose within the third year of the limitations period that would only be available to him if he was able to prove that a FLSA violation was willful.

Throughout this process, Plaintiff has maintained diametrically opposing positions to Defendant's contentions on these litigation issues. Plaintiff has consistently asserted that he was misclassified as an AM working for Defendant, because, *inter alia*, he claims that he spent the majority of his time performing the same manual tasks as hourly employees, that this work was his primary duty, and they he lacked the requisite managerial authority. Moreover, he routinely worked more than 40 hours per week but was not paid overtime. See, e.g., Morgan v. Family Dollar Stores, 551 F.3d 1233 (11th Cir. 2008) (affirming jury verdict finding retail Store Managers who spent up to 90% of their working time

on non-exempt-type duties were willfully misclassified as exempt, extending recovery period to third year for willful violation). The Parties' agreement therefore resolves bona fide disputes over potential liability and available damages.

### i. APPROVAL OF THE SETTLEMENT AGREEMENT

Per the Settlement Agreement, Plaintiff Reinhold will be paid a similar per eligible third year workweek that the named plaintiff in the decertified <u>Florence</u> action was paid per eligible third year workweek in the FLSA settlement that was previously approved by a Georgia district court. (<u>See</u> <u>Florence</u> Order [Doc. 134] and Stipulated Judgment [Doc. 135]).

Plaintiff received similar weekly salaries and alleged similar working overtime hours as compared to the named plaintiff in the <u>Florence</u> action. Plaintiff's recovery under this Settlement Agreement thus falls well within the range of reasonable recoveries for FLSA settlement approval the Parties addressed above.

Further, other opt-in plaintiffs to the original <u>Florence</u> matter have had their settlement agreements approved. For example, in <u>Ashley Godshalk and Peter Hershaft v. Deli Management, Inc.</u> (No.: 5:21-cv-143), the District Court for the Eastern District of North Carolina approved a settlement agreement providing plaintiffs an average of 77% of their total claimed unpaid overtime and

liquidated damages. (See Godshalk [Doc. 21]). In Brock Hammons v. Deli Management, Inc. (No.: 21-cv-01677), the District Court for the Northern District of Illinois approved a settlement agreement providing plaintiff 69% of his total claimed unpaid overtime and liquidated damages. (See Hammons [Doc. 28]). In Hattiana Johnson v. Deli Management, Inc. (No.: 1:21-cv-01258-MHC), the District Court for the Northern District of Georgia approved a settlement agreement providing plaintiff 71% of her total claimed unpaid overtime and liquidated damages. (See Johnson [Doc. 19]). Finally, in Matthew Urban and Van Warner v. Deli Management, Inc. (No: 3:21-cv-00209), the District Court for the Western District of North Carolina approved a settlement agreement providing Plaintiff Urban 75% of his total claimed unpaid overtime and liquidated damages. (See Urban [Doc. 29]).

Here, the Parties have taken a similar approach as they did in the preceding matters, and this shows that Plaintiff Reinhold's Settlement Agreement is a fair and reasonable resolution of the Parties' bona fide disputes. Plaintiff Reinhold will receive approximately 75% of his overtime back wages for the maximum three-year limitations period, doubled for full 100% liquidated damages on the back wages amount paid, that would be due for an average 10 overtime hours worked for the full (non-leave) eligible weeks worked, as

calculated utilizing Defendant's proposed (but disputed) retroactive half-time damages calculation method.

Here, the damage calculations comprise a reasonable compromise over the issues Plaintiff alleged in both the Florence case and this litigation.

### b. APPROVAL OF PAYMENT OF FEES AND COSTS

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are therefore mandatory for prevailing plaintiffs in FLSA cases. Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). Here, the Parties specifically agreed upon the amount to be paid to Plaintiff's counsel.

The total amount paid to Plaintiff's counsel – $7,500 – is in full compromise for all work done in this matter and in Florence. Plaintiff's claims were intensely litigated, vigorously defended, and hotly disputed throughout three years of adversarial litigation before the Parties reached this agreement. Plaintiff agreed as to the reasonableness of this number. Further, the reasonableness of Plaintiff's net recovery from his settlement demonstrates that Plaintiff's net recovery was not adversely affected by the amount paid for fees and costs incurred on Plaintiff's individual claim throughout over three years of disputed litigation.

Moreover, Defendant has contractually agreed to, and does not oppose the amount (or reasonableness of the amount) of, the attorneys' fees, costs, and expenses to be paid to Plaintiff's counsel. See Dail v. George A. Arab Inc., 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, … accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs."). Again, the amount paid for attorneys' fees, costs, and expenses is also reasonable because Plaintiff's claims were intensely litigated, vigorously defended, and hotly disputed throughout over three years of litigating in two federal court actions before the Parties resolved their individual claims here. See, e.g., Lynn's Food Stores, 679 F.2d at 1353-54).

Here, the Court is not being asked to decide for the Parties the amount of attorneys' fees or costs. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys' fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee. Dail, 391 F. Supp. 2d at 1146.

Finally, because the amount of attorneys' fees and costs to be paid to Plaintiff's counsel under this agreement constitutes a reduction from the lodestar amount of attorneys' fees incurred and litigation costs advanced in litigating

Plaintiff's individual claims in <u>Florence</u> and subsequently in this refiled action, the amount to be paid for attorneys' fees and costs is reasonable. Here, the Parties agree as to the fairness of this agreement and ask that the Court approve.

## IV. CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court enter an order approving the Parties' Settlement Agreement and entering Judgment in favor of Plaintiff in the amount stated above.

Respectfully submitted this 14th day of July, 2022.

| | |
|---|---|
| */s/ Christopher Timmel* | */s/ Christopher Bentley* |
| Seth Lesser* | Kevin D. Johnson |
| Christopher Timmel* | Christopher M. Bentley |
| **KLAFTER LESSER LLP** | Meaghan K. Maus |
| Two International Drive, Suite 350 | **JOHNSON JACKSON PLLC** |
| Rye Brook, NY 10573 | 100 N. Tampa St., Suite 2310 |
| T: (914) 934-9200 | Tampa, FL 33602 |
| F: (914) 934-9220 | T: (813) 580-8400 |
| E-mail: seth@klafterlesser.com | F: (813) 580-8407 |
| christopher.timmel@klafterlesser.com | E-mail: kjohnson@johnsonjackson.com |
| | cbentley@johnsonjackson.com |
| Gregg I. Shavitz | mmaus@johnsonjackson.com |
| SHAVITZ LAW GROUP, P.A. | |
| 951 Yamato Road, Suite 285 | |
| Boca Raton, Florida 33431 | *Attorneys for Defendant* |
| T: (561) 447-8888 | |
| E-mail: gshavitz@shavitzlaw.com | |

*Attorneys for Plaintiff*
*\*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 14, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Christopher M. Bentley*
Christopher M. Bentley